Decree and orders affirmed, without costs of this appeal to any party. All concur, except Dowling and Larkin, JJ., who dissent and vote for reversal and for granting a new trial in the following memorandum: The will was witnessed by testator’s brother and the latter’s wife. The estate consists practically of two parcels of real estate, one of which was devised to the brother, the witness, and the other to the latter’s son. Although the brother, as a witness to the will, loses the benefit of this testamentary provision for him, still his son remains a beneficiary of a very substantial part of decedent’s property. Coneededly then, both witnesses were interested. They testified that testator signed the will in their presence, and that they then, using the same pen and ink, signed as witnesses. Although testator’s signature is not disputed, coneededly the will, itself, in great part, was written in ink over a penciled writing. While the interlineations are, in and of themselves, unimportant, they appear to have been written by a different hand, and with a different pen and ink, than the body of the will itself. The brother, the witness, took the will from decedent’s safe the day following the latter’s death, and had possession of it for some time before it was offered for probate. Contestants’ handwriting expert expressed the opinion that one of the interlineations was in the handwriting of the brother, the witness, who denied making same. The expert further expressed the opinion that the date in the attestation clause was in the handwriting of the brother, and that the signatures of the witnesses were not made with the same pen and ink as used by testator, nor at the same time as signed by him. Considering all the circumstances in connection with this testimony, the conclusion seems justified that whether there was due publication of this will was a question of fact for the jury. With such a situation presented the comments of the learned Surrogate, on the testimony of the handwriting expert, w.ere not warranted. Moreover contestants were entitled to a fuller and more complete charge on the subject of the apparent interest of these two witnesses in the outcome of this litigation, and the right to disregard their testimony in the event it was found that they had testified falsely ,as to any material fact. (The decree admits a will to probate. The orders deny contestants’ motions for a new trial.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.